UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DAVID MONK,                                                                 Docket No.: 22-cv-6056(JMF)
                              Plaintiff,

                                                                    **AMENDED COMPLAINT**
      -against-
                                                                    **JURY TRIAL DEMANDED**

GOLDMAN SACHS & CO. LLC,
GOLDMAN SACHS GROUP, INC. and
"JANE/JOHN DOE," said individual
being unknown at this time.
                              Defendants.
------------------------------------------------------------------------x

      Plaintiff, David Monk (hereinafter "Plaintiff" or "Monk"), by and through his attorneys, The Dweck Law Firm, LLP, as and for his Amended Complaint against Defendants Goldman Sachs & Co. LLC ("GSC"), Goldman Sachs Group, Inc. ("GSG") (collectively "Goldman Sachs") and Jane/John Doe ("Doe") respectfully alleges and sets forth to this Court as follows:

## INTRODUCTION AND NATURE OF ACTION

      1. Plaintiff worked for Goldman Sachs from 2007 through 2019 as a private wealth advisor. After leaving Goldman Sachs Plaintiff contemplated his next professional endeavor. With a 22-year history in the financial services industry at Goldman Sachs, Ernst & Young and Credit Suisse, together with an undergraduate degree from the University of Pennsylvania and a law degree from Pepperdine Law School his future looked bright.

      Turning to something new and exciting in his professional career, Plaintiff was offered and accepted a position with BSE Global ("BSE"), which is the corporate entity for the Brooklyn Nets, the Long Island Nets, the Barclay's Center, Nets GC and the New York Liberty. Plaintiff

was hired as the Senior Vice President, Premium Development with an expected annual compensation package of $500,000.

After only two months, Plaintiff's employment with BSE was terminated. The termination emanated from false and defamatory statement(s) made by Doe, in the course of Doe's employment with Goldman Sachs.

Plaintiff now brings these claims against Defendants for libel, trade libel and injurious falsehood and tortious interference.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 (a)(1) as there is complete diversity between the Plaintiff and Defendants and the amount in controversy exceeds $75,000.

3.      Venue is properly laid in the Southern District of New York, pursuant to 28 U.S.C. 1392(a), because, upon information and belief, the Southern District of New York is the judicial district within the state in which a substantial part of the events forming the basis of this lawsuit are alleged to have been committed.

## THE PARTIES

4.      Plaintiff is a resident and citizen of the state of New Jersey.

5       Goldman Sachs & Co. LLC is a limited liability company and maintains its offices within the County, City and State of New York and is a wholly owned subsidiary of the Goldman Sachs Group, Inc. which is a corporation organized under the laws of the State of Delaware. The sole member of Goldman Sachs & Co. LLC is The Goldman Sachs Group Inc., a corporation organized under the laws of the State of Delaware with its principal place of business

in New York. Accordingly, Goldman Sachs & Co. LLC is a citizen of the States of Delaware and New York.

6. Goldman Sachs Group Inc. is a Delaware corporation authorized to do business in the state of New York and maintains its principal offices within the County, City and State of New York. Accordingly, it is a Citizen of the States of Delaware and New York.

7. Jane/John Doe is a fictional person as the true name and identity of said individual is unknown to Plaintiff at this time. Plaintiff has, individually and through counsel, exercised due diligence in attempting to identify the true identity of Jane/Jon Doe, without success.

8. At all relevant times Doe was employed by Goldman Sachs.

9. The tortious acts complained of herein arise out of conduct by Defendants which occurred within the County, City and State of New York.

## RELEVANT FACTUAL BACKROUND

10. Plaintiff was employed by Goldman Sachs from 2007 through 2019.

11. On February 17, 2022 Plaintiff was offered and accepted a job from BSE as Senior Vice President, Premium Development, reporting directly to the Chief Executive Officer of BSE.

12. Plaintiff's compensation package from BSE consisted of a base annual salary of $250,000 and a bonus potential of $250,000.

13. Plaintiff commenced his employment with BSE on February 28, 2022.

14. Part of Plaintiff's job duties at BSE was to visit with premium customers in the suites of the Barclay's Center during events.

15. Goldman Sachs maintained a suite at the Barclay's Center.

16. As Plaintiff previously worked for Goldman Sachs, he knew many people from the organization.

17. In March 2022 during an event at the Barclay's Center Plaintiff visited the Goldman Sachs suite and greeted various individuals, including George O'Garro, a Goldman Sachs Private Wealth Management employee, whom he knew from his prior employment at Goldman Sachs.

18. Within two days of having visited the Goldman Sachs suite, Plaintiff was approached by Emerson Moore ("Moore") the Chief People Officer for BSE who advised him that a Goldman Sachs employee called two BSE sales employees and made troubling statements about Plaintiff.

19. During the aforementioned conversation Moore also stated to Plaintiff the following:

    a. two women from BSE stated that they did not feel comfortable working with Plaintiff;

    b. the two women told Moore that they received a call from a person at Goldman Sachs who stated to them that "David Monk is a sexual predator. He likes to get women drunk on booze cruises."

    c. when Plaintiff asked who the women were, Moore refused to identify them;

    d. when Plaintiff asked Moore to identify the person from Goldman Sachs who made the call to the BSE women, Moore stated, "I can't tell you."

e. Subsequent to Plaintiff's termination, Plaintiff's counsel communicated with counsel for BSE and inquired about the identity of the person from Goldman Sachs who made the call to the BSE women. Counsel for BSE would not divulge the identity.

18. Plaintiff and Moore discussed this at which time Moore said to Plaintiff that it is just a rumor and there is nothing to do.

20. Approximately five weeks later Plaintiff was again approached by Moore who stated to Plaintiff "the rumor has gone unabated, and we do not see a path for you here going forward," and advised Plaintiff that his employment with BSE was terminated effective May 10, 2022.

21. While employed by BSE Plaintiff was a dedicated employee and received positive feedback on his performance.

22. Plaintiff enjoyed his work and had expected to continue to work at BSE.

## COUNT I
### (AGAINST DOE FOR LIBEL/TRADE LIBEL/INJURIOUS FALSEHOOD)

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 of this Complaint respectively as though more fully set forth at length herein.

24. On or about March 2022, Doe published the following statements to two female employees of BSE, who, in turn republished the statements to Moore:

"David Monk is a sexual predator. He likes to get women drunk on booze cruises."

25. The statement, as set forth herein, was false and contained derogatory material regarding Plaintiff.

5

26. The false and derogatory statement were about Plaintiff and were intended to malign Plaintiff in his professional activities and were designed to induce others, including and specifically BSE from doing business with Plaintiff.

27. The aforementioned statement, the timing and circumstances in which it was made support claims for libel/trade libel/injurious falsehood. There is no other conclusion that can be reached from these statements that they were written and intended to damage Plaintiff's professional reputation and induce others not to do business with him.

28. The false and derogatory statements were published to third parties including, but not necessarily limited to the two female employees of BSE and Moore.

29. The false and derogatory statements made and published, were a substantial factor in Plaintiff having been terminated from his position at BSE and will be a substantial factor in Plaintiff's difficulty securing replacement employment.

30. As a result of the foregoing, Defendants are liable to Plaintiff and Plaintiff is entitled to recover from Defendants all damages he has sustained as a result of their improper acts in an amount to be determined at trial. Plaintiff has suffered special damages which include, but are not necessarily limited to:

    a. Lost salary and bonus at an annual rate of $500,000 from the date of termination through the present, or such time as Plaintiff secures new employment, and to the extent new employment is at a lesser rate, then the difference thereof;

    b. Cost of health insurance for Plaintiff and his dependents;

    c. Cost of life insurance premiums on a policy maintained by BSE for Plaintiff;

d.  Lost retirement benefits in the form of 401(k) contributions by BSE for the benefit of Plaintiff;

e.  Cost of long-term disability benefits which were previously provided to Plaintiff by BSE.

## COUNT II
### (AGAINST GOLDMAN SACHS FOR RESPONDEAT SUPERIOR)

31.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this Complaint respectively as though more fully set forth at length herein.

32.  Upon information and belief, at the time the offending statements as aforedescribed were made by Doe, Doe was employed by Goldman Sachs.

33.  Upon information and belief, when Doe made the offending statements as aforedescribed, Doe was acting in the course of his/her employment by Goldman Sachs.

34.  Upon information and belief, any knowledge that Doe had regarding Plaintiff at the time the statements were made was obtained through Doe's employment with Goldman Sachs.

35.  As a result of the foregoing, Goldman Sachs is liable to Plaintiff and Plaintiff is entitled to recover all damages he has sustained as a result of the improper acts in an amount to be determined at trial.  Plaintiff has suffered special damages which include, but are not necessarily limited to:

a.  Lost salary and bonus at an annual rate of $500,000 from the date of termination through the present, or such time as Plaintiff secures new employment, and to the extent new employment is at a lesser rate, then the difference thereof;

      b.  Cost of health insurance for Plaintiff and his dependent;

      c.  Cost of life insurance premiums on a policy maintained by BSE for Plaintiff;

      d.  Lost retirement benefits in the form of 401(k) contributions by BSE for the benefit of Plaintiff;

      e. Cost of long-term disability benefits which were previously provided to Plaintiff by BSE.

## COUNT III
### (TORTIOUS INTERFERENCE)

36.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 of this Complaint as if more fully set forth at length herein.

37.    Defendants knowingly and intentionally interfered with Plaintiff's employment and his ability to earn income.

38.    But for Defendants actions as set forth hereinbefore Plaintiff would still be employed by BSE, and, if not employed by BSE would be able to secure other employment based upon his experience, reputation and ability in the industry.

39.    In so doing, Defendants have tortuously interfered with Plaintiff's employment and/or ability to secure employment in his chosen field, and therefore his ability to earn money/prospective economic benefits.

40.    Defendants' actions as hereinbefore described were intentional and malicious and were specifically designed to get Plaintiff fired and inhibit Plaintiff's ability to secure future employment in his chosen field.

40. In light of the foregoing, Defendants are liable to Plaintiff and Plaintiff is entitled to recover from Defendants all damages he has sustained as a result of their improper acts in an amount to be determined at trial.

41. Plaintiff's damages exceed the jurisdictional limits of all lower courts.

**WHEREFORE,** Plaintiff demands judgment against the Defendants as follows:

(a) For compensatory damages, including but not limited to special damages as follows:

(1) Lost salary and bonus at an annual rate of $500,000 from the date of termination through the present, or such time as Plaintiff secures new employment, and to the extent new employment is at a lesser rate, then the difference thereof;

(2) Cost of health insurance for Plaintiff and his dependent;

(3) Cost of life insurance premiums on a policy maintained by BSE for Plaintiff;

(4) Lost retirement benefits in the form of 401(k) contributions by BSE for the benefit of Plaintiff;

(5) Cost of long-term disability benefits which were previously provided to Plaintiff by BSE.

(b) For punitive damages;

(c) For general damages;

(d) That Plaintiff be granted costs, disbursements, pre- judgment interest, and attorneys' fees and such other and further relief as this Court may deem just and proper.

Dated: July 15 2022
      New York, NY                      THE DWECK LAW FIRM, LLP

                                        By: **_s/HP Sean Dweck_**
                                        H.P. Sean Dweck (HPSD-4187)
                                        Attorneys for Plaintiff
                                        1Rockefeller Plaza
                                        New York, NY 10020
                                        Tel.: (212)687-8200
                                        Email: hpsdweck@dwecklaw.com