The motion to seal is GRANTED temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion.

The Clerk of Court is directed to terminate ECF No. 20.

SO ORDERED

October 7, 2022



**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
**orrick.com**

October 6, 2022

**VIA ECF**

**Jill L. Rosenberg**

E  jrosenberg@orrick.com
D  +1 212 506 5215
F  +1 212 506 5151

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *David Monk v. Goldman Sachs & Co. LLC et al*, 22-cv-6056 (JMF)

Dear Judge Furman:

We represent Defendants Goldman Sachs & Co. LLC ("GS&Co.") and The Goldman Sachs Group, Inc. ("GS Group") (collectively the "Goldman Defendants") in the above-referenced action. We write in accordance with Your Honor's Individual Rule 7 to respectfully request that the Court permit redactions to a settlement agreement (the "Settlement Agreement") entered into by the Goldman Defendants and Plaintiff David Monk ("Monk"), which the Goldman Defendants are filing concurrently with this letter as Exhibit L to the Declaration of Aime Hendricks ("Hendricks Dec.") in Support of the Goldman Defendants' Motion to Compel Arbitration and Dismiss Proceedings Pursuant to the Federal Arbitration Act, 9 U.S.C. § 4 (the "Motion to Compel"). Pursuant to the Court's Rules, filed simultaneously herewith are: (1) a redacted copy of the Settlement Agreement, which has been publicly filed; and (2) an unredacted copy of the Settlement Agreement with the proposed redactions highlighted, which has been filed under seal.

Monk was employed by GS&Co. from 2007 until 2019 as a Private Wealth Advisor. Hendricks Dec. ¶ 5. Following the termination of his employment with GS&Co., Monk filed a Statement of Claim with the Financial Industry Regulatory Authority ("FINRA") Dispute Resolution (the "Arbitration"), in which he alleged that GS&Co. and GS Group improperly cancelled certain Restricted Stock Units ("RSUs") of GS Group common stock that he was issued as discretionary compensation in connection with his employment with GS&Co. *Id.* ¶¶ 10, 12.

In October 2021, Monk, GS&Co. and GS Group entered into the Settlement Agreement resolving the claims made in the Arbitration. Hendricks Dec. ¶ 12. With respect to arbitration, Paragraph 8 of the Settlement Agreement (the "Arbitration Provision") provides in relevant part as follows:

> To the fullest extent permitted by law, any dispute, controversy or claim between or among Monk and any party released by Monk herein, arising out of or based upon or relating in any way to this Agreement, or to Monk's employment or other association with GS&Co., or the termination of Monk's employment, will be settled by arbitration. Any such arbitration will be conducted in New York City before the Financial Industry Regulatory Authority ('FINRA') in accordance with applicable FINRA rules then in effect.

*Id.*, Ex. L. ¶ 8.

Paragraph 2 of the Settlement Agreement contains a release of claims against GS&Co., GS Group and their employees, among others (the "Release"). Hendricks Dec., Ex. L. ¶ 2.



The Honorable Jesse M. Furman
October 6, 2022
Page 2

For the reasons set forth in the Motion to Compel, the Goldman Defendants contend that the Arbitration Provision read in connection with the Release requires the instant action to be compelled to arbitration. The Goldman Defendants request leave to redact the terms of the Settlement Agreement, other than the Arbitration Provision and the Release for two reasons.

First, the terms of the Settlement Agreement that the Goldman Defendants seek to redact are irrelevant to their Motion to Compel.  The only provisions in the Settlement Agreement that are relevant to the Motion to Compel are the Arbitration Provision and the Release.  This is evidenced by the fact that the Arbitration Provision and the Release are the only provisions in the Settlement Agreement that are cited in the Motion to Compel.  The other the terms of the Settlement Agreement are simply not at issue with respect to the Motion to Compel.  *See SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, No. 14-CV-2270, 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) (J. Furman) (granting motion for leave to file certain exhibits submitted in support of motion to compel arbitration in redacted form because the redactions were limited to information "**not relevant to the parties' legal dispute** and implicate legitimate privacy interests") (emphasis added).

Second, the Goldman Defendants seek to file a redacted version of the Settlement Agreement because its provisions implicate its legitimate interest in keeping the terms of the Settlement Agreement confidential. Over the years, the Goldman Defendants, like other large companies, have been targeted by former employees seeking unreasonable demands for frivolous claims.  The Goldman Defendants believe that publicizing confidential settlement terms, including payment amounts, will embolden potential claimants to use the Settlement Agreement to attempt to leverage otherwise unjustified and favorable settlement terms. This is why the Goldman Defendants required Monk to keep the terms of the Settlement Agreement confidential in the first place.  Hendricks Dec., Ex. L. ¶ 6.  The benefit to the public in knowing the terms of the Settlement Agreement other than the Arbitration Provision and the Release is outweighed by the Goldman Defendants' interest in avoiding frivolous claims and demands in the future, particularly where, as here, such terms are irrelevant.  *See SOHC, Inc.*, 2014 WL 5643683, at *5; *In re Millennial Media, Inc. Sec. Litig.*, No. 14 CIV. 7923, 2015 WL 3443918, at *5 (S.D.N.Y. May 29, 2015) (approving parties' proposed redactions because "[t]he redacted data is irrelevant to any issue in this case and appears to be confidential"); *Suda v. Sushiden Corp.*, No. 10 CIV. 5692, 2011 WL 1210206, at *1 (S.D.N.Y. Mar. 23, 2011) (approving redaction of settlement payments from settlement agreement filed publicly).

For the foregoing reasons, the proposed redactions are narrowly tailored such that the public interest in accessing court documents is not impaired, and the Goldman Defendants' interests in maintaining confidentiality of its settlement terms to protect itself from nuisance claims is simultaneously preserved. *See, e.g., Lugosch v.  Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

The Goldman Sachs Defendants have met and conferred with Monk regarding this motion.  Monk does not oppose redacting the payment amounts from the Settlement Agreement, but opposes the Goldman Defendants' proposed redactions to the remainder of the Agreement.

Thank you for your consideration.



The Honorable Jesse M. Furman
October 6, 2022
Page 3


Respectfully submitted,

/s/ Jill L. Rosenberg_____
Jill L. Rosenberg
Mark R. Thompson
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Tel: (212) 506-5000
Fax: (212) 506-5151
jrosenberg@orrick.com
mthompson@orrick.com
*Attorneys for Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc.*

4135-1501-8302.1